UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMANTHA LATRAILLE, | Civ. No. 17-4208 (DSD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| NICOLE LATRAILLE and ANTHONY LATRAILLE, | |
| Defendants. | |

Plaintiff Samantha Latraille alleges that Defendants Nicole and Anthony Latraille deprived her of proceeds from a relative's life-insurance policy. Latraille did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* Doc. No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of that IFP application, this Court concludes that Latraille qualifies financially for IFP status. That said, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The lone claim for relief presented in the complaint (fraud) arises entirely under state law, not federal law, and implicates no significant federal issues. Accordingly, this matter does not present a federal question sufficient to invoke 28 U.S.C. § 1331 as a basis for jurisdiction. *See, e.g.*, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312-13 (2005). Each of the parties is alleged by Latraille to be a citizen of

Minnesota, *see* Compl. at 3 (Doc. No. 1), and therefore the Court cannot have jurisdiction over this matter on the grounds of the parties' diversity of citizenship, *see* 28 U.S.C. § 1332(a). Nor is any other basis for subject-matter jurisdiction apparent from the complaint. This lawsuit should have been filed in state court, not federal court.

Without subject-matter jurisdiction, the Court cannot proceed to the merits of this lawsuit. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Accordingly, it is recommended that this matter be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Samantha Latraille (Doc. No. 2) be **DENIED AS MOOT**.

Dated: October 18, 2017              *s/Becky R. Thorson*_____
                                     Becky R. Thorson
                                     United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).